UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TERRY BALL,

                        Petitioner,

     v.

                                    9:18-CV-1356
                                    (BKS/CFH)

SUPERINTENDENT,

                        Respondent.

_____

APPEARANCES:                                  OF COUNSEL:

TERRY BALL
88-C-0132
Petitioner, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

## I.     INTRODUCTION

      Petitioner Terry Ball filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254, as well as an application to proceed in forma pauperis ("IFP") and several letters in

support of his petition.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application; Dkt. Nos. 4-6,

Letters.  On November 19, 2018, the Court administratively closed this action because

petitioner had not properly commenced the case, failing to either pay the statutory filing fee

or file a properly certified IFP application; however, the Court afforded petitioner another

opportunity to comply with this requirement.  Dkt. No. 3.

On December 3, 2018, petitioner paid the filing fee and the Court reopened the action. Dkt. Nos. 7; Dkt. Entry dated 12/03/18 (indicating receipt number for paid filing fee).

## II.     THE PETITION

The present petition is extremely difficult to decipher.  According to petitioner, he challenges a decision from Cayuga County Court.  Pet. at 1.[1]  Pursuant to this Court's research, this does not appear to be petitioner's underlying criminal conviction, which seems to have arisen in Oneida County Court.  *See People v. Ball*, 174 A.D.2d 991 (4th Dep't 1991). Instead, it appears petitioner is challenging the fact that he was later "force[d] against [his] will to . . . take psychiatric medication and treatment . . . [petitioner alleges he] didn't need psychiatric medication and treatment because [he was] not a sick crazy mentally ill person[,] it was force[d] on [him] against [his] will and [he] didn't want it."  Pet. at 5; *see also* Dkt. No. 4 at 1-2 (recounting how in 1980 and 1983, while incarcerated at Auburn Correctional Facility, petitioner was declared mentally ill by the Cayuga County Court and sent to the Central New York Psychiatric Center ("CNYPC") against his will); Dkt. No. 5 at 2 (seeking to "bring a case . . . in the U.S. district court where [petitioner] was wrongfully accuse[d] by psychiatrists of being a sick crazy mentally ill person . . . and admitted into a state mental institution under the means of perjury . . . because he refused to sign hisself into the mental institution[.]"). Further, petitioner fails to include a prayer for relief in his habeas petition.  Pet. at 15; *but see* Dkt. No. 6 at 2 ("I would like very much to have the sanity cases I wrote to this court about brought up in this court[.]").

Based upon an initial review, the Court concludes that petitioner's petition does not

---

[1]  Page citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

comply with the Habeas Rules. More specifically, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a federal habeas petition brought pursuant to 28 U.S.C. § 2254 (1) "specify all the grounds for relief available to the petitioner," and (2) "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)-(2). Petitioner has not stated any grounds for relief in his petition. *See* Pet. at 15. While petitioner did submit letters in support of his petition, they are also insufficient to clarify petitioner's request. Petitioner may be asserting a challenge to his underlying criminal conviction, his involuntary confinement in CNYPC, or both. Depending upon the cause of action, petitioner may find relief under different statutes.[2] Further, it also appears that petitioner is advancing additional claims which are inappropriate to include in a habeas petition.[3]

In sum, the Court will not speculate as to what petitioner is advancing regarding the claims being asserted, the grounds upon which his arguments are based, or the supporting facts upon which he relies. In light of his pro se status, petitioner will be given an opportunity to amend his petition as outlined below. Petitioner will be provided a blank form petition for

---

[2] 28 U.S.C. § 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The only remedy available in a habeas corpus action brought pursuant to 28 U.S.C. §2254 is release from the challenged confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that habeas corpus is the sole remedy when a state prisoner seeks "a speedier release . . . from imprisonment").

"In contrast, section 2241 allows a person . . . to challenge the execution of a sentence . . . [and] is applicable to various other contexts, such as challenges to . . . commitment to mental institutions." *Santulli v. United States*, No. 1:02-CV-8664, 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003) (citing cases).

[3] Petitioner appears to be advancing claims about the conditions of his confinement, specifically the forced medication and treatment, which do not impact the fact or length of confinement and are more appropriately brought pursuant to 42 U.S.C. § 1983. *Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006). To the extent petitioner seeks to challenge his medical treatment, he may file a civil rights action pursuant to 42 U.S.C. § 1983, which will be subject to review under the Prisoner Litigation Reform Act ("PLRA") of 1996.

completing his amended petition.  As set forth below, petitioner is directed to complete every part of that blank petition.

Additionally, regardless of the statute under which petitioner seeks relief, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii); *see also Hunter v. Gipson*, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008) ("Petitioning for a writ of habeas corpus, after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary commitment to a psychiatric institution.").

To properly exhaust his claims, petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, because it is unclear what judgment is being challenged, it is also impossible to determine whether that judgment was successfully exhausted.  In amending his claim, petitioner is to include the name and location of the court that entered the judgment, the date

4

of the judgment, and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed.  Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction or involuntary commitment order and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.

If petitioner fails to file an amended petition, this action will be dismissed without further order of the Court.  Habeas Rule 4.

## IV.	CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for this purpose.  Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) denied each application.  **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference.  He must include all relevant information in the amended petition and

5

shall submit only one amended petition in accordance with the terms of this Decision and Order.  Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  December 10, 2018
        Syracuse, NY

Brenda K. Sannes
U.S. District Judge