UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRY BALL,

                Petitioner,

    v.

                                                        9:18-CV-1356
                                                            (BKS/CFH)

SUPERINTENDENT,

                Respondent.

---

APPEARANCES:                                                 OF COUNSEL:

TERRY BALL
88-C-0132
Petitioner, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Petitioner Terry Ball filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an application to proceed in forma pauperis ("IFP") and several letters in support of his petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application; Dkt. Nos. 4-6, Letters. On November 19, 2018, the Court administratively closed this action because petitioner had not properly commenced the case, failing to either pay the statutory filing fee or file a properly certified IFP application; however, the Court afforded petitioner another opportunity to comply with this requirement. Dkt. No. 3.

On December 3, 2018, petitioner paid the filing fee and the Court reopened the action. Dkt. Nos. 7; Dkt. Entry dated 12/03/18 (indicating receipt number for paid filing fee). Pursuant to a Decision and Order dated December 10, 2018, the Court afforded petitioner thirty days to amend his petition. Dkt. No. 8, Decision and Order dated 12/10/18 ("December Order"). The December Order also directed that "if petitioner does not file an amended petition within thirty (30) days . . . , the Clerk shall enter judgment dismissing the action without further order of the Court[.]" December Order at 6.[1]

On December 19, 2018, the Court received a letter from petitioner. Dkt. No. 9. On January 2, 2019, the Court received a second IFP application. Dkt. No. 10. The Court explained that petitioner's letter did not afford a basis for judicial relief and, because petitioner had previously submitted the filing fee, his second IFP application was denied as moot. Dkt. No. 13, Text Order dated 02/13/19 ("February Order"). Moreover, "[o]ut of an abundance of solicitude, petitioner's deadline to submit an amended petition [wa]s extended [another] thirty (30) days from the date of th[e February] Order." *Id.* The Clerk provided petitioner with a courtesy copy of the December Order. *Id.* The Court again warned petitioner that "fail[ure] to timely file an amended petition that complies with the December Order [will result in] . . . a judgment . . . dismiss[ing the action] without prejudice, without further order of this Court." *Id.* Lastly, the Court indicated that no further extensions of time would be granted absent a showing of good cause. *Id.*

In response, the Court received two additional letters from petitioner. Dkt. Nos. 14 & 15. It was, again, unclear what relief petitioner sought. However, in light of the special

---

[1] Page citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

solicitude granted to pro se litigants, the Court construed the submissions as another request for an extension of time to file an amended petition. Dkt. No. 16, Text Order dated 04/17/19 ("April Order"). The April Order deemed "petitioner's apparent knowledge of, yet inability to procure, the blank habeas petition forms . . . as good cause sufficient to provide a final extension." *Id.* Accordingly, petitioner was provided with the blank habeas petition forms and a final extension of time within which to file his amended petition. *Id.* Petitioner was also given his third warning that failure to timely comply with the Court's Order shall result in a "judgment dismissing this action without further order of the Court." *Id.*

On May 9, 2019, the Court received another letter from petitioner. Dkt. No. 17. The letter is, again, not the amended petition the Court has directed petitioner to file on three separate occasions. Petitioner's constant failure to comply with the Court's orders, outlined below, requires that the Court dismiss this action.

The Court has repeatedly attempted to have petitioner clarify his contentions, but he refuses to remedy these problems. Petitioner was directed to file an amended petition because it is impossible to determine whether petitioner is asserting a challenge to his underlying criminal conviction, his involuntary confinement in CNYPC, or both. Depending upon the cause of action, petitioner may find relief under different statutes.[2] However, given the length of time that has elapsed between petitioner's conviction and competency hearings,

---

[2] 28 U.S.C. § 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The only remedy available in a habeas corpus action brought pursuant to 28 U.S.C. §2254 is release from the challenged confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that habeas corpus is the sole remedy when a state prisoner seeks "a speedier release . . . from imprisonment").

"In contrast, section 2241 allows a person . . . to challenge the execution of a sentence . . . [and] is applicable to various other contexts, such as challenges to . . . commitment to mental institutions." *Santulli v. United States*, No. 1:02-CV-8664, 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003) (citing cases).

which occurred in the 1980s, and the time that he filed his habeas petition, in November of 2018, the claims may be time barred. *See* 28 U.S.C. § 2244(d)(1) (establishing the one-year statute of limitations for prisoners seeking federal review of their state court criminal convictions). Moreover, petitioner's claims must be properly exhausted in state court and because it is unclear what judgment is being challenged, it is also impossible to determine whether that judgment was successfully exhausted. *See* 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii); *see also Hunter v. Gipson*, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008) ("Petitioning for a writ of habeas corpus, after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary commitment to a psychiatric institution.").

In sum, the Court will not speculate as to what petitioner is advancing regarding the claims being asserted, the grounds upon which his arguments are based, or the supporting facts upon which he relies. In light of petitioner's pro se status, he was afforded multiple opportunities to clarify his claims and correct these identified deficiencies. He repeatedly failed to do so.

Accordingly, the petition is thereby dismissed.

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with

the Local Rules.

**IT IS SO ORDERED**.

Dated: June 27, 2019

Brenda K. Sannes
U.S. District Judge